UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MAIN COURSE FOODSOLUTIONS, INC.,

Plaintiff,

v.                                                          Civil No. 21-1033 (GAG)

KRAFT HEINZ P.R., LLC, & THE KRAFT
HEINZ CO.,

Defendants.

## MEMORANDUM ORDER

Pending before the Court is Main Course FoodSolutions Inc. ("Main Course" or "Plaintiff")'s emergency motion to remand the instant suit. (Docket No. 10). Kraft Heinz Puerto Rico, LLC ("Kraft Heinz P.R."), and The Kraft Heinz Company ("Kraft Heinz Co.") (collectively, "Defendants") were ordered to show cause as to why this case should not be immediately remanded for lack of jurisdiction given that defendant Kraft Heinz P.R. is incorporated in the Commonwealth of Puerto Rico, a factual allegation that would destroy complete diversity. See Aponte-Dávila v. Municipality of Caguas, 828 F.3d 40, 46 (1st Cir. 2016); (Docket No. 12). Defendants complied with the Court's order and opposed Main Course's motion to remand. (Docket No. 13). With leave of Court, Plaintiff replied. (Docket No. 19).

On January 14, 2021, Main Course filed a suit before the Commonwealth of Puerto Rico's Court of First Instance. (Docket Nos. 1 ¶ 1; 1-1). Main Course alleges that Defendants' termination of their exclusive broker agreement, without a just cause, infringed Law 21 of 1990 ("Law 21"), P.R. LAWS ANN. tit. 10, §§ 279, et seq. (Docket No. 1 ¶ 8). As such, Main Course requests a temporary restraining order under Law 21 to keep the agreement in place while this suit is pending as well as compensation for said termination. Id. ¶ 9. Alternatively, Main Course argues that Kraft

**Civil No. 21-1033 (GAG)**

Heinz P.R. tortiously interfered with the contractual relationship between Main Course and Kraft Heinz Co. by sending a termination of agreement letter. (Docket No. 1 ¶ 10). In said regard, Main Course requests a preliminary injunction to stop Kraft Heinz P.R. from disturbing its commercial relationship with Kraft Heinz Co. and seeks compensation for damages due to Kraft Heinz P.R.'s wrongful intervention. Id. ¶ 11. On January 20, 2021, Defendants removed the suit pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Id. at 1.

Plaintiff contends that this action should be remanded because the Court does not have original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). (Docket No. 10 at 4-6). "Federal courts have subject-matter jurisdiction over cases in which the amount in controversy exceeds $75,000 and where the parties are 'citizens of different states.'" Aponte-Dávila, 828 F.3d at 46 (quoting 28 U.S.C. § 1332(a)(1)).[1] Diversity must be complete—"the presence of but one nondiverse party divests the district court of original jurisdiction over the entire action." In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806)); see also Lincoln Property Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring complete diversity between all plaintiffs and all defendants). Diversity of citizenship is measured by the "facts that existed at the time of filing . . . ." Bearbones, Inc. v. Peerless Indemnity Ins. Co., 936 F.3d 12, 14 (1st Cir. 2019).

A corporation is a citizen of every State and foreign state where it has been incorporated and has its principal place of business. See 18 U.S.C. § 1332(c)(1); see also Versatech, Inc. v. Florida Caribbean Distillers, LLC, Civil No. 19-1916 (GAG), 2020 WL 7786923, at *2 (D.P.R. Dec. 30, 2020). However, "limited liability companies are unincorporated entities." Pramco, LLC

---

[1] "For the purpose of § 1332, Puerto Rico is a 'State[ ].'" See Aponte-Dávila, 828 F.3d at 46, n. 2 (citing 28 U.S.C. § 1332(e)); see also Rodríguez v. Señor Frog's de la Isla, Inc., 642 F.3d 28, 32 (1st Cir. 2011).

ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006). In Pramco, the Court held that the citizenship of a limited liability company "is determined by the citizenship of all of its members." 435 F.3d at 54 (citing Carden v. Arkoma Assoc., 494 U.S. 185, 195-96 (1990); see also Connectu LLC v. Zuckerberg, 522 F.3d 82, 87 (1st Cir. 2008); see e.g. Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012) (noting "a limited liability company[] takes the citizenship of each of its members.").

If even one of the members of a limited liability company "is another unincorporated entity, the citizenship of each of that member's members (or partners, as the case may be) must then be considered." D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 126-27 (1st Cir. 2011); see also New Millennium Capital Partners, III, LLC v. Juniper Group Inc., Civil No. 10-46 (PKC), 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010) ("A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company."). The state of incorporation for the LLC itself is, therefore, irrelevant.

In the instant case, Main Course contends that complete diversity does not exist between Defendants and itself. (Docket No. 10 at 4-5). Specifically, Plaintiff argues that defendant Kraft Heinz P.R. is a duly registered Puerto Rico limited liability company with principal place of business located in Puerto Rico. Id. The only member of the Kraft Heinz P.R. limited liability company is Kraft Foods Group Puerto Rico LLC ("Kraft Foods Group"), who is also a Commonwealth of Puerto Rico limited liability company. Id. Since Main Course is incorporated

in the Commonwealth of Puerto Rico and has its principal place of business in the Commonwealth as well, complete diversity has been destroyed.[2] (Docket Nos. 1 ¶ 17; 1-1 ¶ 1; 10 at 4-5).

Main Course identifies Kraft Foods Group as the sole member of Kraft Heinz P.R. However, Plaintiff does not identify the members of Kraft Foods Group—another limited liability company—in order to determine its citizenship. See Mehrotra, 661 F.3d at 126-27 (noting if even one of an LLC's members is another unincorporated entity, the citizenship of each of that member's members must be considered).

Although Kraft Heinz P.R. is organized under the laws of the Commonwealth of Puerto Rico, it is a limited liability company nonetheless and its sole member is Kraft Foods Group. (Docket Nos. 1 ¶ 20; 15-1 at 1-2). In turn, Kraft Foods Group's only member is Kraft Heinz Foods Company ("Kraft Heinz Foods Co."), which is another limited liability company whose members are Kraft Heinz Intermediate Corporation II and HJH Development Corporation, *both* of which are corporations organized under the laws of Delaware with their principal place of business in Pennsylvania. (Docket Nos. 1 ¶ 20; 15-2 at 2; 15-3 at 6, 27). Due to the corporate structure described above, Kraft Heinz P.R. is a citizen of Delaware and Pennsylvania. Mehrotra, 661 F.3d at 126-27.

Since Main Course is a citizen of Commonwealth of Puerto Rico and neither Defendants share a Commonwealth citizenship, the Court has original jurisdiction over the matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As a result, the Court hereby **DENIES** Plaintiff's emergency motion to remand at Docket No. 10.

---

[2] Plaintiff does not contest that defendant Kraft Heinz Co. shares the same citizenship.

Civil No. 21-1033 (GAG)

**SO ORDERED.**

In San Juan, Puerto Rico this 1st of February 2021.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge
