UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MAIN COURSE FOODSOLUTIONS, INC.,

Plaintiff,

v.

THE KRAFT HEINZ CO. & KRAFT HEINZ P.R., LLC;

Defendants.

Civil No. 21-1033 (GAG)

**OPINION & ORDER**

The Kraft Heinz Company ("Kraft Heinz Co.") and Kraft Heinz Puerto Rico, LLC ("Kraft Heinz P.R.") (collectively, "Defendants") filed a motion to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-307 ("FAA"), given that their agreement includes an arbitration clause that covers the claims set forth in the complaint. (Docket No. 11). The Court ordered Main Course FoodSolutions Inc. ("Main Course" or "Plaintiff") to show cause as to why it should not grant Defendants' motion to compel arbitration. (Docket No. 23). Plaintiff complied with the Order and opposed Defendants' motion, as well as petitioned for a stay of proceedings pending arbitration and a preliminary injunction. (Docket No. 26). With leave of Court, Defendants replied. (Docket No. 29). For the foregoing reasons, the Court hereby **GRANTS** Defendants' motion to compel arbitration at Docket No. 11 and subsequently **STAYS** the instant case.

**I.     Background**

On April 26, 2013, Main Course executed a "Broker Agreement" with Heinz Management, LLC. (Docket Nos. 11-1; 24-1 ¶ 6). As a result, Main Course alleges it became the sole and exclusive representative in charge of sales & marketing as well as other responsibilities of certain Kraft Heinz Co. products in Puerto Rico. (Docket No. 24-1 ¶ 8). In consideration for its services,

**Civil No. 21-1033 (GAG)**

Main Course receives a commission from the sales it produces of Defendants' products. (Docket No. 24-1 ¶ 11).

On December 16, 2020, Main Course received a letter from Youssef Elayyadi—Group Lead, Sales – Head of Puerto Rico for Kraft Heinz Co.—purporting to terminate the Broker Agreement. (Docket Nos. 11-2; 24-1 ¶ 20). The termination letter alleges to serve as notice that "Kraft Heinz Co., as successor of Heinz Management LLC in the Broker Agreement with Main Course[] dated April 26, 2013, is hereby exercising its right to terminate the [Broker] Agreement[.]"[1] (Docket No. 11-2).

On January 14, 2021, Main Course filed a complaint before the Commonwealth of Puerto Rico's Court of First Instance, San Juan Court. (Docket No. 24-1). On January 20, 2021, Defendants properly removed the suit pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Docket Nos. 1; 22).

Main Course presents three causes of action against Defendants. (Docket Nos. 24-1 at 5-12; 26 at 3). First, Plaintiff claims that Kraft Heinz Co.'s termination of the Broker Agreement, without a just cause, infringed Law 21 of 1990 ("Law 21"), P.R. LAWS ANN. tit. 10, §§ 279, *et seq*. (Docket Nos. 24-1 at 5-8; 26 at 3).  As such, Main Course requests a preliminary injunction against Kraft Heinz Co. under Law 21 to keep the agreement in place as well as compensation for said termination. (Docket Nos. 24-1 at 5-8; 24-2; 26 at 3). Second, Plaintiff argues that Kraft Heinz P.R. tortiously interfered with the contractual relationship between Main Course and Kraft Heinz Co. by sending a termination of agreement letter.  (Docket Nos. 24-1 at 8-9; 26 at 3). Third, Main Course requests a preliminary injunction to stop Kraft Heinz P.R. from disturbing its commercial

---

[1] In pertinent part, section 7 of the Broker Agreement reads, "This agreement shall continue in full force and effect indefinitely unless terminated by PRINCIPAL for any reason, with or without just cause, by giving thirty (30) days written notice of such intention to BROKER . . . ." (Docket No. 11-1 ¶ 7).

relationship with Kraft Heinz Co. while this suit is pending. (Docket Nos. 24-1 at 9-12; 24-2; 26 at 3).

## II.     Discussion

Defendants contend that the Court should issue an order compelling arbitration in accordance with section 12 of the Broker Agreement. (Docket Nos. 11 at 3-7; 11-1 ¶ 12). Section 12 of the Broker Agreement is a dispute resolution clause that states:

> As an initial step, in the case of any dispute under this Agreement, the parties agree to use their best efforts to amicably resolve any such dispute within thirty (30) days. In the event that any such dispute cannot be amicably resolved, *any claim or controversy arising under or relating to this Agreement shall be settled by arbitration* in accordance with the rules of the American Arbitration Association at a hearing in the office of the American Arbitration Association closest to the main office of PRINCIPAL. Judgment may be entered on the arbitrator's award in any court having jurisdiction thereof.

(Docket No. 11-1 ¶ 12) (added emphasis). Wherefore, Defendants request the Court to issue an order compelling arbitration pursuant to the FAA. (Docket Nos. 11 at 7).

Section 2 of the FAA states, "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under the FAA, "[i]f suit is brought in a U.S. Court with regards to a claim which according to an arbitration agreement should be referred to arbitration, the Court must, upon request to that effect by one of the parties, stay the action until arbitration has concluded." Eazy Elec's. & Tech., LLC v. LG Elec., Inc., 226 F. Supp. 3d 68, 72 (D.P.R. 2016) (quoting Sánchez-Santiago v. Guess, Inc., 512 F. Supp. 2d 75, 78 (D.P.R. 2007)); see also 9 U.S.C. § 3.

Federal policy strongly favors arbitration over litigation, so long as an agreement to arbitrate exists in the first place. See HIM Portland, LLC v. DeVito Builders, Inc., 317 F.3d 41, 43 (1st Cir.

**Civil No. 21-1033 (GAG)**

2003). Thus, "there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" AT&T Tech's., Inc. v. Commc'n Workers of Am., 475 U.S. 643, 650 (1986) (citation omitted); Mun. of San Juan v. Corp. para el Fomento Econ. de La Ciudad Capital, 415 F.3d 145, 149 (1st Cir. 2005). "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985).

In order to obtain an order compelling arbitration, the party seeking the order must establish "[1] that a valid agreement to arbitrate exists, [2] that the movant is entitled to invoke the arbitration clause, [3] that the other party is bound by that clause, and [4] that the claim asserted comes within the clause's scope." Dialysis Access Ctr., LLC v. RMS Lifeline, Inc., 638 F.3d 367, 375 (1st Cir. 2011) (quoting InterGen N.V. v. Grina, 344 F.3d 134, 142 (1st Cir. 2003)).

In the case at hand, it is clear that a valid arbitration agreement exists and Plaintiff admits it is bound to arbitrate its causes of action. (Docket Nos. 11-1 ¶ 12; 26 at 4-5). In addition, the broad scope of the dispute resolution clause covers the asserted claims because the termination of the Broker Agreement is a controversy relating to the Broker Agreement. (Docket No. 11-1 ¶ 12). However, Plaintiff contends that Defendants are not entitled to invoke the arbitration clause because "co-defendant [Kraft Heinz P.R.] was not a signatory to nor is a third-party beneficiary to the Broker Agreement between [Kraft Heinz Co.] and Main Course[.]" (Docket No. 26 at 4). Plaintiff argues that since the claims brought against Kraft Heinz P.R. are not subject to arbitration because Main Course never agreed to arbitrate a cause of action with a non-signatory (Kraft Heinz P.R.), Plaintiff

4

believes the Court has jurisdiction over the claims presented against Kraft Heinz P.R.  (Docket No. 26 at 4).

Arbitration agreements may be enforced by non-signatories through "assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel." GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC, 140 S. Ct. 1637, 1644 (June 1, 2020) (citing Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 630 (2009)). "Generally, in the arbitration context, 'equitable estoppel allows a non-signatory to a written agreement containing an arbitration clause to compel arbitration where a signatory to the written agreement must rely on the terms of that agreement in asserting its claims against the non-signatory.'" GE Energy Power, 140 S. Ct. at 1644. Here, Main Course relies on the terms of the Broker Agreement in meeting the elements of its tortious interference of a contractual relationship claim against Kraft Heinz P.R.

In Gen. Office Prod. Corp. v. A.M. Capen's Sons, Inc., 15 P.R. Offic. Trans. 727, 734, 115 D.P.R. 553 (P.R. 1984), the Commonwealth's Supreme Court held that the constitutive elements of a tortious interference claim are: (1) there must be a contract with which a third person interferes; (2) there must be "fault"; that is, that the prejudiced party need only show or present facts allowing the court to infer that the third person has acted tortiously, with knowledge of the contract's existence; (3) there must be a damage to the plaintiff; and (4) that the damage caused must be a consequence of the tortious acts of the third person (it suffices that the third person has provoked or contributed to the breach). Air-Con, Inc. v. Daikin Applied Latin Am. LLC, Civil No. 15-2683 (GAG), 2016 WL 4991513, at *4 (D.P.R. Sep. 19, 2016). The Commonwealth's Supreme Court indicated, "to be liable, a defendant must have acted tortiously, with knowledge of the contract's existence." New Comm Wireless Serv's, Inc. v. SprintCom, Inc., 287 F.3d 1, 10 (1st Cir. 2002);

**Civil No. 21-1033 (GAG)**

see also Gen. Office Prod., 15 P.R. Offic. Trans. at 734. The Commonwealth's Supreme Court has explained, "the plaintiff must show that the defendant intended to interfere with the contract, knowing that this interference would cause injury to the plaintiff." New Comm Wireless Serv's, 287 F.3d at 10; see also Gen. Office Prod., 15 P.R. Offic. Trans. at 734.

Kraft Heinz P.R. is entitled to invoke the arbitration clause under the equitable estoppel doctrine as a non-signatory. See GE Energy Power, 140 S. Ct. at 1644 (allowing non-signatory to compel arbitration where signatory to written agreement must rely on terms of that agreement in asserting its claims against non-signatory). Here, Main Course relies on the terms of the Broker Agreement to allege Kraft Heinz P.R. tortiously interfered with its contractual relationship with Kraft Heinz Co. The Broker Agreement is central to Plaintiff's tortious interference of a contractual relationship claim against Kraft Heinz P.R. Without the Broker Agreement, Main Course's cause of action against Kraft Heinz P.R.'s fails because Main Course would be unable to prove that Kraft Heinz P.R. intentionally interfered with the Broker Agreement with the knowledge that the interference would cause injury to Plaintiff. See New Comm Wireless Serv's, 287 F.3d at 10 (explaining plaintiff must show that defendant intended to interfere with contract and knew interference would cause injury to plaintiff). Accordingly, Kraft Heinz P.R. is allowed to compel arbitration even though it is a non-signatory due to the doctrine of equitable estoppel.

In addition, arbitration is allowed because Kraft Heinz P.R. is an agent of Kraft Heinz Co. (Docket No. 7 at 5-6). It is well-established that non-signatory defendants, who are agents of a signatory corporation, may compel arbitration against signatory plaintiffs. See Ouadani v. TF Final Mile LLC, 876 F.3d 31, 37 (1st Cir. 2017) (citing Grand Wireless, Inc. v. Verizon Wireless, Inc., 748 F.3d 1, 10-11 (1st Cir. 2014)). Kraft Heinz P.R. is an agent of Kraft Heinz Co. because of the corporate structure defined below.

**Civil No. 21-1033 (GAG)**

Kraft Heinz P.R. is a limited liability company, whose only member is Kraft Foods Group Puerto Rico LLC. (Docket Nos. 1 ¶ 20; 15-1 at 1-2). In turn, Kraft Foods Group Puerto Rico LLC's only member is Kraft Heinz Foods Co., which is yet another limited liability company. (Docket Nos. 1 ¶ 20; 15-2 at 1-2). Kraft Heinz Foods Co. serves as the operating entity for Kraft Heinz Co., which is the parent holding company. (Docket No. 11 at 2, 5, n. 3). It is important to note that the original party to the Broker Agreement, Heinz Management LLC, merged into Kraft Heinz Foods Co. in January 2016. (Docket No. 1-4). Therefore, Kraft Heinz Co. is the principal and Kraft Heinz P.R., as an agent of Kraft Heinz Co., is allowed to compel arbitration under the agency doctrine because their corporate structure are directly related.

Plaintiff's arguments for a preliminary injunction are unsuccessful because Main Course is bound to arbitrate the claim before proceeding to federal courts. Equitable relief is an extraordinary remedy. See generally Otis Elevator Co. v. Int'l Union of Elevator Constructors, Local 4, 408 F.3d 1, 9-10 (1st Cir. 2005). When the Court determines a dispute between parties is covered by a binding arbitration agreement, the Court should enforce the arbitration provisions of the agreement. Commc'n Workers of Am. v. Tel. Tech. Sys., Inc., 221 F. Supp. 3d 203, 209 (D.P.R. 2016); see also Otis Elevator, 408 F.3d at 8 (citing Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 455 (1957)). In this case, relief must be limited to the procedures bargained-for in the Broker Agreement. See Commc'n Workers of Am., 221 F. Supp. 3d at 209.

Furthermore, Main Course is not entitled to a preliminary injunction under the traditional four-factor test. When considering a motion for preliminary injunction, the Court must consider: (1) the plaintiff's likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction; (3) whether issuing an injunction will burden the defendants less than denying an injunction would burden the plaintiffs; and (4) the effect, if any, on the public interest.

**Civil No. 21-1033 (GAG)**

González-Droz v. González-Colón, 573 F.3d 75, 79 (1st Cir. 2009) (quoting Boston Duck Tours, LP v. Super Duck Tours, LLC, 531 F.3d 1, 11 (1st Cir. 2008)) (quotation marks omitted). "The first two factors are the most important and, in most cases, 'irreparable harm constitutes a necessary threshold showing for an award of preliminary injunctive relief.'" González-Droz, 573 F.3d at 79 (quoting Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004)). "The burden of demonstrating that a denial of interim relief is likely to cause irreparable harm rests squarely upon the movant." González-Droz, 573 F.3d at 79 (citing Charlesbank Equity Fund II, 370 F.3d at 162).

Here, Plaintiff is not entitled to a preliminary injunction because Main Course fails to show that irreparable harm will occur if the injunctive relief is denied. Main Course claims that it has suffered damages to its reputation, credibility, goodwill, and prestige because of the termination. (Docket No. 26 at 15-17). Unfortunately, Main Course does not show how the termination of a contractual relationship—which is commonplace in the sales industry—irreparably affects its reputation. Likewise, Plaintiff advances that it continues sell to other distributors and wholesalers, suggesting that Main Course's reputation has not suffered irreparable harm. (Docket No. 26 at 17).

In the alternative, Main Course argues that the Court should issue a preliminary injunction under Law 21 to enjoin Defendants from terminating the Broker Agreement pending arbitration. (Docket No. 26 at 9-11). Under Law 21, a non-exclusive sales representative cannot succeed because the sales representative must be exclusive to apply. Alina & A Tours, Inc. v. Royal Caribbean Cruises, Ltd., Civil No. 06-1009 (JAG), 2006 WL 897975, at *10 (D.P.R. Mar. 31, 2006). Here, the Broker Agreement does not state that Main Course is an exclusive sales representative. (Docket No. 11-1). As such, Plaintiff cannot prevail in its preliminary injunction request under Law 21.

**Civil No. 21-1033 (GAG)**

Consequently, the Court **DENIES** Plaintiff's requests for a preliminary injunction pending arbitration.

### III.    Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion to compel arbitration at Docket No. 11. Plaintiff's claims against Defendants are hereby **STAYED** while arbitration proceedings are pending.

**SO ORDERED.**

In San Juan, Puerto Rico this 3rd of March 2021.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge